IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *Plaintiff-Respondent* | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. H-95-142-67 |
| | } | CIVIL ACTION NO. H-03-1622 |
| MELBA RIOJAS MORENO | } | |
| *Defendant-Petitioner* | } | |

**MEMORANDUM & ORDER**

Pending before the court is Petitioner Melba Riojas Moreno's ("Moreno") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 United States Code Section 2255 ("Section 2255") (Instrument No. 5136) and the Government's response (Instrument No. 5177). For the following reasons the court ORDERS that Moreno's motion is DENIED.

I.   RELEVANT FACTS.

On April 13, 1998, pursuant to a plea agreement, Moreno pled guilty to one count of conspiracy to commit money laundering in violation of Title 18 United States Code Section 1956(g) and (h). As part of her plea agreement, Moreno waived her right to appeal her sentence or the manner in which it was calculated. *See* Plea Agreement (Instrument No. 2611). On February 23, 2001, the court sentenced Moreno to 188 months imprisonment, three years supervised release, a fine of $100,000, and a special assessment of $100. Moreno timely appealed her sentence to the Fifth Circuit.

On direct review, the Court of Appeals considered whether Moreno had made a voluntary and knowing relinquishment of her right to appeal and whether the government had breached the plea agreement. *United States v. Melba Riojas Moreno*, No. 01-20293 (5th Cir. March 8, 2002) (Instrument No. 4699). Moreno argued that her plea was involuntary because it was induced by the

government's false representations and because she was not fully aware of its consequences. *Id.* Alternatively, she argued that the government had breached the plea agreement by making promises that were not fulfilled. *Id.* After considering the facts and law, the Court of Appeals determined that Moreno had knowingly and voluntarily waived her right to appeal her sentence and had failed to show by a preponderance of the evidence that the government breached the plea agreement. *Id.* Because of Moreno's waiver, the Court of Appeals declined to address the merits of Moreno's other claims and affirmed Moreno's conviction and sentence. *Id.* Moreno filed the present motion on May 13, 2003.

II.     LAW

In *Johnson v. United States*, 838 F.2d 201 (7th Cir. 1988), the Seventh Circuit considered whether a valid waiver of appellate rights includes a waiver of the right to bring a collateral attack under Section 2255. Based on the Supreme Court's opinion in *Kaufman v. United States*, 394 U.S. 217 (1969), and the old principle "that foregoing an appeal will bar collateral review of appealable issues," the Seventh Circuit concluded that a waiver of appellate rights bars a movant from litigating those issues in a Section 2255 motion. The Fifth Circuit has not had a similar opportunity to address this question; however, this Circuit recognizes that defendants can waive their right to appeal or to collaterally attack their convictions or sentences under Section 2255. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) (appellate rights); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (Section 2255). This court has reviewed the Seventh Circuit's reasoning in *Johnson*, and, finding it persuasive, adopts it as its own. To be effective a waiver of appellate rights must be knowing and voluntary. *Melancon*, 972 F.2d at 567.

Once an issue has been raised and decided on direct review it will not be considered in a Section 2255 motion unless there has been an intervening change in the law or new facts have arisen or the movant is successful in showing that appellate counsel rendered ineffective assistance in presenting the claim to the Court of Appeals. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (general rule); *see also* Randy Hertz and James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 41.7(e) (5th ed. 2005) (listing exceptions).

III.   APPLICATION OF LAW TO THE FACTS.

Moreno raises the following five claims in her Section 2255 motion: first, that the court denied her due process when it ordered the United States Attorney's Office to provide the Probation Department with factual summaries for its use in preparing Moreno's presentence report; second, that Moreno's guilty plea was not knowing and voluntary; third, that the government breached the plea agreement by failing to file a 5K1.1 motion; fourth, that Moreno received ineffective-assistance-of-counsel; and fifth, that Moreno is actually innocent of the sentence imposed.

On direct review, the Court of Appeals addressed Moreno's claim that her plea was unknowing and involuntary and that the government breached the plea agreement. This court will not revisit those rulings. The Court of Appeals also found that Moreno had effectively waived her right to challenge her sentence or the manner in which it was calculated. This waiver bars Moreno's claim that she is actually innocent of the sentence imposed and that this court erred when it ordered the government to provide the Probation Department with factual summaries to be used in generating Moreno's presentence report.

Moreno makes the following ineffective-assistance-of-counsel claims: first, that counsel was ineffective for failing to inform the court at her plea that the government had made promises not

contained in the plea agreement; second, that counsel was ineffective for failing to present rebuttal evidence at her sentencing; third, that counsel was ineffective for failing to lodge objections to the presentence report; and fourth, that counsel improperly allowed the court to sentence the defendant for monetary funds not laundered. None of Moreno's claims are persuasive.

Moreno's first ineffective-assistance-of-counsel claim fails because, as noted by the Court of Appeals on direct review, Moreno has presented no evidence indicating that the government made promises outside the plea agreement. Given that she has failed to show that such promises were made, Moreno cannot argue that her attorney was ineffective for failing to bring those same promises to the court's attention.

Moreno's second claim, that her attorney was ineffective because he failed to present rebuttal evidence at sentencing, is also unsupported. Moreno argues that had her attorney called the Probation Officer to the stand he would have established that the government wrote Moreno's presentence report. To support this argument, Moreno has attached the Probation Officer's response to Movant's husband Pedro's objections to his presentence report. (Instrument No. 5136, Ex.1). Far from supporting Moreno's position, the Probation Officer's response states that nine-tenths of the offense conduct section of Pedro's presentence report had been completed before the court ordered the government to provide Probation with factual summaries of the offense conduct. According to Probation, the remaining one-tenth dealt almost exclusively with Pedro's enhancement for obstruction of justice.

Moreno's third and fourth claims deal with the substance of Moreno's presentence report. Moreno claims her attorney was ineffective because he failed to argue that her base offense level was miscalculated and that she was not responsible for the bulk of the funds attributed to her. The

court has reviewed the records in this case and has discovered that through a clerical error Moreno's objections to her presentence report were not docketed. A copy of her objections was, however, placed in the court's sentencing binder. *See* Defendant's Objections to Presentence Report (Attached as Ex. 1). These objections reflect that Moreno's attorney raised the issue of Moreno's base offense level and the amount of money being attributed to her. Her attorney was not therefore ineffective.

IV.  CONCLUSION

For the aforementioned reasons, the court ORDERS the Melba Riojas Moreno's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 United States Code Section 2255 (Instrument No. 5136) is DENIED.

**SIGNED** at Houston, Texas, this 18th day of September, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE